# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Doe Growers 1-7, and<br>John Doe Former B Pool Grower 1<br>on behalf of Themselves<br>and all others similarly situated<br>as a class<br>　　　　　　Plaintiffs,<br>　　v.<br><br>Ocean Spray Cranberries, Inc.,<br>An agricultural cooperative.<br><br>　　　　　　Defendant. | C.A. No.<br><br>Date: October 26, 2012 |

### PLAINTIFFS' MOTION FOR
### LEAVE TO FILE ANONYMOUSLY

Now come plaintiffs, who move for leave to file anonymously on the following grounds.

Plaintiffs seek leave to file anonymously because they have very valid grounds to fear retaliation by defendant. In the related case, 1:10-CV-11288-RWZ, defendant filed suit against, *inter alia*, John Doe Growers 1-20 for the purpose and with the effect of scaring them out of filing the instant case which has therefore been delayed by two years. Plaintiffs call the court's attention to paragraph 16 of the related case that refers to John Doe Growers 1-20 which states:

> 16. Defendants John Doe Growers 1-20 are independent cranberry growers in the U.S. who are not members of the Ocean Spray Cooperative. The John Doe Growers, personally and/or through their agents, communicated with and/or organized and held meetings with cranberry growers in Massachusetts, Oregon and Wisconsin during which the John Doe Growers and/or their agents **falsely claimed that Ocean Spray is violating the law, including the federal antitrust laws.** (Emphasis added)

The instant case shows violations by Ocean Spray, proven by its own documents that were submitted with the Complaint, of

    (1) An Order of this court;

    (2) 15 U.S.C. 1 and 2 (The Sherman Antitrust Act);

    (3) 7 U.S.C. 291 (The Capper Volstead Act which is the authorizing statute that permits the existence of agricultural cooperatives such as Ocean Spray); and

    (4) Massachusetts General Laws, c.93A, Sec. 2 and 11.

Further, because of Ocean Spray's illegal activities cited in the instant Complaint, plaintiffs are in severe financial trouble, and have great fear of economic and other retaliation against them, several of whom face imminent bankruptcy, as shown in the three affidavits attached hereto as Exhibits 1, 2 and 3.

The United States Court of Appeals for the Third Circuit has issued guidance for judges to use to decide whether to allow parties to appear anonymously. In *Doe v. Megless, et al.,* 10-4110 (U.S.C.A. 3d Cir., May 24, 2011) the court listed 9 factors for the court to consider. They are:

1. Has the identity of the litigant been kept confidential?

2. What harm is the litigant seeking to avoid, and is the litigant's fear reasonable?

3. If the litigant is forced to reveal his or her name will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?

4. Are the facts not relevant to the outcome of the claim?

5. Will the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?

6. Is the litigant seeking to use a pseudonym for nefarious reasons?

7. We must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings.

8. Does the subject of the litigation heighten the public's interest?

9. Is the party opposing the use of a pseudonym doing so for nefarious reasons?

1. The identity of the John Does is known only to their attorneys.

2. The litigants are seeking to avoid economic harm to their businesses.  That this fear is real can be seen from Ocean Spray's willingness to name John Doe growers in its related case on highly questionable grounds, in order to scare, successfully, the John Doe defendants in that case.

3. Many, if not most, of the rest of the growers in the industry are fearful of participating in this case for fear of retribution by defendant.  If the anonymity of the John Doe growers is not preserved by the court, it is highly unlikely that anyone else will be willing to come forward to litigate these antitrust claims that are in the public interest to have litigated.

4. The facts of this case are already mostly shown from defendant's own documents submitted as Exhibits with the Complaint.  Further, any facts that are not so shown are common knowledge in the industry so that the identity of the John Doe growers add nothing to the defense of the case or to the public interest.

5. It is highly likely that the very valid claims of this case will be sacrificed in order to preserve the anonymity of the John Doe growers if their request for anonymity is denied.

6. There is no reason on earth why the John Doe growers are seeking anonymity other than their fear of retaliation by defendant.

7. The public interest in open judicial proceedings is served merely by public knowledge that cranberry growers have filed this case.  Their names add nothing either to the public interest or to defendant's ability to defend itself.

8. This case has no heightened public interest as it is merely a business to business struggle.

9. Any opposition by defendant to the use of John Doe plaintiffs, given the universal knowledge of the facts of this case and the fact that the defense of the case is not injured in any way by the anonymity is evidence that the only purpose for defendant opposing anonymity is the nefarious one of trying to scare some or all of the John Doe plaintiffs out of the case.

## CONCLUSION

For all of the above reasons plaintiffs urge the court to grant their motion to file this case and remain anonymous.

By the attorneys for the class.

/s/ Arthur R. Miller                                              /s/ Norman Jackman
Arthur R. Miller, Esq.                                           Norman Jackman, Esq.
University Professor, NYU School of Law          JACKMAN & ROTH LLP
40 Washington Square South, Room 430F         1600 Massachusetts Avenue, Suite 502
New York, NY 10012                                         Cambridge, Massachusetts 02138
212-992-8147                                                    617-682-8049