**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Barry K. Winters d/b/a BKW Farms,** <br> **Stacy Preston Winters,** <br> **Paul D. Sogn and Rachelle D. Sogn d/b/a** <br> **Wintersogn Farm, LLC,** <br> **Michael A. Webb,** <br> **Rickard W. Jackson,** <br> **Jackson Farms, Inc.,** <br> **James M. Schaer,** <br> **Julie A Schaer,** <br> **Scott R. Vierck,** <br> **Fred P. Bussman,** <br> **John L. Meyer,** <br> **John L. Meyer Cranberries, Inc.,** <br> **Christopher M. Bussman,** <br> **Deanna M. Bussman,** <br> **Charles V. Goldsworthy and Timothy R.** <br> **Goldsworthy     d/b/a     ThunderLake-** <br> **Tomahawk Cranberries, Inc. and H.E.** <br> **Querry, Inc. on behalf of** <br> **themselves and all others similarly** <br> **situated as a class,** <br><br>                  **Plaintiffs,** <br><br>       **v.** <br><br> **Ocean Spray Cranberries, Inc.,** <br> **an agricultural cooperative, and Ocean** <br> **Spray Brands, LLC, a limited liability** <br> **company,** <br><br>                  **Defendants.** | **Civil Action No. 1:12-cv-12016-RWZ** <br><br> **Oral Argument Requested** |

**OCEAN SPRAY'S MOTION FOR RULE 11 SANCTIONS**

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Ocean Spray Cranberries,

Inc. ("Ocean Spray") and Ocean Spray Brands, LLC ("Ocean Spray Brands") hereby move, by

and through the undersigned attorneys, for an order dismissing Counts I, II, X and XI, Counts

IV, V, VI, VII and XII as to Ocean Spray Brands, LLC ("Ocean Spray Brands"), and plaintiff

Wintersogn's claim in Count XIII of plaintiffs' third amended complaint and imposing sanctions

on plaintiffs' counsel for failing to fulfill their obligations under Rule 11.

As set forth more fully in the accompanying memorandum of law, the grounds for this motion are as follows:

1.      First, plaintiffs' claim for damages based on Ocean Spray's alleged "violation" of the Capper-Volstead Act (Compl. ¶¶ 93-95), and their claim that that alleged "violation" also gives rise to a claim under Massachusetts General Laws Chapter 93A (Compl. ¶ 97), are legally baseless.   The Capper-Volstead Act does not create a cause of action; it is an affirmative defense to the antitrust laws.  *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173, 1184 (8th Cir. 1982); *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 345 (D. Vt. 2010). Plaintiffs' counsel's decision to persist with these claims after Ocean Spray has repeatedly notified them that there is no legal basis for a claim based on a "violation" of the Capper-Volstead Act is a violation of Rule 11(b)(2).

2.      Second, plaintiffs' claims against Ocean Spray Brands (Counts IV, V, VI, VII, X, XI, XII) completely lack legal and factual support.  Ocean Spray Brands is a shell corporation with no assets or function.  A reasonable inquiry would have revealed that there was no basis to assert claims against it in the first place, and Ocean Spray confirmed that fact by notifying plaintiffs' counsel of Ocean Spray Brands' status on February 4, 2013.   Plaintiffs' counsel continued to pursue their claims in violation of Rule 11.  Further, Ocean Spray Brands is a wholly-owned subsidiary of Ocean Spray, and a parent cannot conspire with its wholly-owned subsidiary as a matter of law.  *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984); *Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 249 (1st Cir. 2012).  Plaintiffs' counsel's claims against Ocean Spray Brands also warrant sanctions under Rule 11.

3.      Third, plaintiff Paul D. Sogn d/b/a Wintersogn Farm's "retaliation"

allegations are false, and thus the Wintersogn plaintiff has no legal or factual basis for its claim. Plaintiffs claim that Ocean Spray terminated its contract with Paul D. Sogn d/b/a Wintersogn Farm ("Wintersogn") and that the termination gives Wintersogn a "separate and distinct" cause of action under "the antitrust laws of the United States and the Federal Rules of Civil Procedure." Compl. ¶ 146. In fact, the Sogns terminated the Wintersogn contract with Ocean Spray. There is, therefore, no legal or factual justification for plaintiffs' claim of irreparable harm or their request for injunctive relief, and a reasonable attorney under the circumstances would not have asserted Count XIII on behalf of the Sogns.

4.      Consistent with Fed. R. Civ. P. 11(c)(2), Ocean Spray served plaintiffs and their counsel with this motion more than 21 days prior to filing it with the Court. Plaintiffs' counsel did not withdraw or correct the allegations at issue during the 21-day period.

For the foregoing reasons, Ocean Spray respectfully requests that this Court dismiss Counts I, II, X and XI, Counts IV, V, VI, VII and XII as to Ocean Spray Brands, and plaintiff Wintersogn's claim in Count XIII, and order plaintiffs' counsel to reimburse Ocean Spray for reasonable attorneys' fees and costs associated with the preparation of this motion and with Ocean Spray's defense against plaintiffs' frivolous claims.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Ocean Spray believes that oral argument on this motion will aid and benefit the Court in its analysis of the propriety of imposing sanctions upon plaintiffs' counsel. Ocean Spray therefore respectfully requests that the Court schedule oral argument on this motion for sanctions at a date and time of the Court's convenience.

Dated:  March 4, 2013

Respectfully submitted,

/s/ Margaret M. Zwisler

Margaret M. Zwisler (*admitted pro hac vice*)
Marguerite M. Sullivan (*admitted pro hac vice*)
Jennifer L. Giordano (B.B.O.#650537)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: 202-637-1092
Facsimile: 202-637-2201
Email: margaret.zwisler@lw.com

Alfred C. Pfeiffer, Jr. (*admitted pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com

*Attorneys for Ocean Spray Cranberries, Inc.
and Ocean Spray Brands, LLC*

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that prior to the filing of this Motion, counsel for the parties conferred and attempted in good faith to resolve and/or narrow the issues raised by this Motion, but were not successful.

/s/ Margaret M. Zwisler
Margaret M. Zwisler

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of March 4, 2013.

/s/ Margaret M. Zwisler
Margaret M. Zwisler