**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Barry K. Winters d/b/a BKW Farms, Stacy Preston Winters, Paul D. Sogn and Rachelle D. Sogn d/b/a Wintersogn Farm, LLC, Michael A. Webb, Rickard W. Jackson, Jackson Farms, Inc., James M. Schaer, Julie A Schaer, Scott R. Vierck, Fred P. Bussman, John L. Meyer, John L. Meyer Cranberries, Inc., Christopher M. Bussman, Deanna M. Bussman, Charles V. Goldsworthy and Timothy R. Goldsworthy d/b/a ThunderLake-Tomahawk Cranberries, Inc. and H.E. Querry, Inc. on behalf of themselves and all others similarly situated as a class,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Ocean Spray Cranberries, Inc., an agricultural cooperative, and Ocean Spray Brands, LLC, a limited liability company,**<br><br>**Defendants.** | **Civil Action No. 1:12-cv-12016-RWZ**<br><br>**Oral Argument Requested** |

**OCEAN SPRAY CRANBERRIES, INC. AND OCEAN SPRAY BRANDS, LLC'S MOTION TO DISMISS**

Pursuant to Rules 5(b)(2)(E), 6(d), 12(b)(6), and 15(a)(3) of the Federal Rules of Civil Procedure, Ocean Spray Cranberries, Inc. ("Ocean Spray") and Ocean Spray Brands, LLC ("Ocean Spray Brands") (collectively, "Defendants") hereby move, by and through the undersigned attorneys, for an order dismissing plaintiffs' third amended complaint in the above-captioned action.

As set forth more fully in the accompanying memorandum of law, the grounds for this motion are as follows:

1. Plaintiffs fail to state a claim for relief against Ocean Spray Brands because they do not allege that Ocean Spray Brands engaged in any illegal conduct. Plaintiffs allegations only specify conduct with respect to Ocean Spray. Their multiple references to "defendants" is not enough to state a claim against Ocean Spray Brands, and this Court should dismiss Ocean Spray Brands from the case.

2. Plaintiffs fail to state a claim for a violation of the Capper-Volstead Act because the Act does not create a cause of action; rather, it provides immunity for collective conduct by members of a cooperative that might otherwise violate the antitrust laws. Moreover, the Capper-Volstead Act does not contain any provisions that a cooperative can "violat[e]," as the complaint claims. The Act does not mandate that the members of a cooperative *do* anything, and thus plaintiffs cannot use it to sue Ocean Spray for failing to do something that it has no legal obligation to do. There also is no basis for plaintiffs' claim that the alleged "violation" establishes a cause of action under Chapter 93A. Thus, plaintiffs' Counts I and II are legally baseless, and this Court should dismiss them.

3. Plaintiffs "catch all" counts also fail to state causes of action separate from the claims in the rest of their complaint. Plaintiffs assert nothing in these counts other than that Ocean Spray and Ocean Spray Brands' alleged violations of the Capper-Volstead Act, the consent decree, the Sherman Act, and Chapter 93A "show a deliberate disregard for the law and Defendants' responsibilities under it." Compl. ¶¶ 116, 118, 144. But plaintiffs cite no statutory or common law cause of action that arises from such a claim. The Court should dismiss Counts VI, VII, and XII.

4. Plaintiffs fail to state a Sherman Act claim or a claim under Massachusetts General Laws Chapter 93A based on the alleged violation of the 55-year-old consent decree between Ocean Spray's predecessor and the Department of Justice. As a matter of law, a private party cannot premise an antitrust claim on the violation of a government consent decree. Additionally, plaintiffs do not allege conduct that is unfair or deceptive under Chapter 93A or explain how their claim that Ocean Spray violated the consent decree is itself unfair or deceptive. Finally, plaintiffs were not parties to the consent decree, so they have no standing to enforce its terms. Rule 71 does not give plaintiffs standing to assert a claim that the consent decree itself does not provide to them. Thus, the Court should dismiss Counts III and V.

5. Plaintiffs' claims that Ocean Spray and Ocean Spray Brands conspired with one another are not cognizable as a matter of law. Plaintiffs concede that Ocean Spray Brands is a wholly owned subsidiary of Ocean Spray (Compl. ¶ 10), and a parent and its wholly owned subsidiary cannot conspire under the Sherman Act as a matter of law. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984). The Court should dismiss Counts X and XI.

6. Plaintiffs do not state a cognizable cause of action for price fixing under Section 1 of the Sherman Act. Plaintiffs concede that Ocean Spray is an agricultural cooperative under the Capper-Volstead Act, and price fixing is a protected activity under the Act. Plaintiffs do not allege facts or a legal basis to deprive Ocean Spray of its Capper-Volstead immunity, and thus, plaintiffs' own allegations require dismissal of their Section 1 claims in Count XI.

7. Plaintiffs also do not state a cognizable cause of action under Section 2 of the Sherman Act. Plaintiffs fail to state claims for monopolization, monopsonization, or attempted monopolization or monopsonization because they do not allege exclusionary conduct.

Plaintiffs complain that Ocean Spray sells its cranberry juice concentrate at prices that are too low. Low prices are competitive, unless they are below a seller's costs and the seller will seek to recoup its losses from below-cost pricing by selling at future high prices. But plaintiffs do not and cannot allege that Ocean Spray sells concentrate below its variable costs to produce concentrate or that Ocean Spray will recoup any such losses. Accordingly, the Court should dismiss Counts VIII and IX.

8. Plaintiffs' Sherman Act claims fail for the additional reason that plaintiffs do not allege an antitrust injury. Plaintiffs must allege that their losses stem from the conduct that the antitrust laws forbid, and they have not done so here. The Court should dismiss Counts VIII, IX, X, and XI on this ground as well.

9. Plaintiffs' claims that Ocean Spray and Ocean Spray Brands violated Massachusetts General Laws Chapter 93A fail because plaintiffs do not allege the type of conduct that supports Chapter 93A liability. There is nothing unfair or deceptive about the sale of cranberry concentrate at low prices. Moreover, a Chapter 93A claim that simply repeats the allegations of a plaintiff's underlying statutory or common law claims is not enough to overcome dismissal when the underlying claims are not cognizable. Thus, the Court should dismiss Count IV.

10. Plaintiffs' claim that Ocean Spray violated Chapter 93A when it terminated certain plaintiffs' contracts also is not actionable as a matter of law. Plaintiffs' allegations demonstrate that Ocean Spray exercised its right to give notice of non-renewal of plaintiffs' contracts. Under Massachusetts law, a party that exercises a contractual right to not renew does not engage in unlawful, unfair, or deceptive conduct. Moreover, the court has already decided this issue in response to plaintiffs' second motion for a protective order, and it

should not revisit that decision. The Court should dismiss Count XIII.

Therefore, Ocean Spray and Ocean Spray Brands, LLC respectfully request that the Court issue an order dismissing the third amended complaint with prejudice and award such further relief as is just.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Ocean Spray and Ocean Spray Brands believe that oral argument on this motion will aid and benefit the Court in its analysis of the sufficiency of the complaint. Ocean Spray and Ocean Spray Brands therefore respectfully request that the Court schedule oral argument on this motion to dismiss at a date and time of the Court's convenience.

Dated: March 18, 2013

Respectfully submitted,

/s/ Margaret M. Zwisler

Margaret M. Zwisler (*admitted pro hac vice*)
Marguerite M. Sullivan (*admitted pro hac vice*)
Jennifer L. Giordano (B.B.O.# 650537)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: 202-637-1092
Facsimile: 202-637-2201
Email: margaret.zwisler@lw.com

Alfred C. Pfeiffer, Jr. (*admitted pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com

*Attorneys for Ocean Spray Cranberries, Inc. and Ocean Spray Brands, LLC*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that prior to the filing of this Motion, counsel for the parties conferred and attempted in good faith to resolve and/or narrow the issues raised by this Motion, but were not successful.

/s/ Margaret M. Zwisler
Margaret M. Zwisler

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 18, 2013.

/s/ Margaret M. Zwisler
Margaret M. Zwisler