## UNITED STATED DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Barry K. Winters d/b/a BKW Farms,<br>Stacy Preston Winters,<br>Paul D. Sogn and Rachelle D. Sogn d/b/a<br>Wintersogn Farm, LLC<br>Michael A. Webb,<br>Rickard W. Jackson,<br>Jackson Farms, Inc.,<br>James M. Schaer,<br>Julie A. Schaer,<br>Scott R. Vierck,<br>Fred P. Bussmann,<br>John L. Meyer,<br>John L. Meyer Cranberries, Inc.,<br>Christian M. Bussmann, and<br>Deanna M. Bussmann,<br>Charles V. Goldsworthy and Timothy R.<br>Goldsworthy d/b/a ThunderLake-Tomahawk<br>Cranberries, Inc., and<br>H.E. Querry, Inc., on behalf of themselves and<br>all other similarly situated as a class,<br><br>        Plaintiffs,<br>v.<br><br>Ocean Spray Cranberries, Inc., an agricultural<br>cooperative, and<br>Ocean Spray Brands, LLC, a limited liability<br>company,<br><br>        Defendants. | Civil Action No. 1:12-CV-12016-RWZ<br><br>Honorable Rya W. Zobel |

## **MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs hereby move for partial summary judgment against Defendants on Counts I (Violation of the Capper-Volstead Act, 7 U.S.C. § 291), II (Mass. Gen. Law. ch. 93A, § 11), and III ((Mass. Gen. Law. ch. 93A, § 11) of Plaintiffs' claims.  Plaintiffs also moves for partial summary judgment on the issue of the

Capper-Volstead antitrust exemption asserted as an affirmative defense by Defendants. As set forth more fully in the accompanying memorandum, the grounds for this motion are as follows:

1. Plaintiffs' first cause of action alleges that Ocean Spray violated the Capper-Volstead Act ("Capper-Volstead" or "Act"), and Plaintiffs' second cause of action alleges that the violation of the Act forms the basis for one of Plaintiffs' Chapter 93A claims. In addition, one of Ocean Spray's primary affirmative defenses is that Defendants' cooperative qualifies as an agricultural cooperative under the Act, and therefore that Defendants are exempt from Plaintiff's antitrust claims. Whether Defendant Ocean Spray Cranberries Inc. ("Ocean Spray") meets the requirements to qualify as a Capper-Volstead cooperative is a threshold issue in this case. Deciding this threshold issue now will streamline what would otherwise become a lengthy and expensive case.

2. To decide this threshold issue, this Court will only have to interpret a single provision of the Capper-Volstead Act: namely, the Act's mandate that agricultural cooperatives be "operated for the mutual benefit of the members, thereof." 7 U.S.C. § 291. Because Ocean Spray does not argue that it pays its members different prices for their fruit, the issue before the Court is a question of law as applied to a single undisputed material fact: Does Ocean Spray act for the "mutual benefit" of its members when the cooperative has two classes of members that are paid radically different prices for their identical fruit?

3. Because both canons of statutory construction and existing case law confirm that the "mutual benefit" provision set forth in the Capper-Volstead Act requires cooperatives to makes substantially equal payments to their grower-members, Ocean Spray's disparate pricing among its A and B Pool members does not comply with the Act's mutual benefit requirement.

4. Because Ocean Spray is not operating for the mutual benefit of its members, it is

not entitled to the Capper-Volstead Act's antitrust immunity.

5.  Furthermore, Plaintiffs are entitled to affirmative relief under the Capper-Volstead Act (Count I).  At least one federal court has allowed cooperative members to pursue claims for violations of the Act.  *See Marketing Assistance Plan, Inc. v. Associated Milk Products, Inc.*, 338 F. Supp. 1019, 1024 (S.D. Tex. 1972).  Neither the express language of the Act nor the legislative intent supporting it suggests that the Act prohibits a cooperative member from suing its own cooperative for the cooperative's misuse of the Act.

6.  Additionally, Ocean Spray's discriminatory pricing structure directly violates a Final Judgment entered in a case the Department of Justice brought against Ocean Spray's corporate predecessor, the National Cranberry Association.  The Final Judgment is reported at *United States v. National Cranberry Ass'n*, No. 55-418-3, 1957 U.S. Dist. LEXIS 4199 (D. Mass. Oct. 28, 1957).  The Final Judgment prohibits Ocean Spray from "discriminating among members in the administration of any pooling of cranberries."  The clear language of the Final Judgment shows that the parties intended to give the Ocean Spray cooperative members—such as the B Pool Plaintiffs—the right to enforce the Final Judgment.

7.  Ocean Spray's bifurcation of its cooperative and discriminatory treatment of its B Pool grower-members constitutes an unfair trade practice under Mass. Gen. Laws ch. 93A.  This Court may consider both the Final Judgment's requirement that Ocean Spray not "discriminat[e] among members in the administration of any pooling of cranberries" and the Capper-Volstead Act's "mutual benefit" requirement as standards of fairness under Chapter 93A.  Under these standards, Plaintiffs are entitled to affirmative relief under Chapter 93A for Ocean Spray's unfair trade practices that are oppressive and unconscionable (Counts II and III).

WHEREFORE, Plaintiffs respectfully request that this Court enter an order (1) granting summary judgment as to liability on Count I; (2) stating that Ocean Spray is not entitled to Capper-Volstead immunity because its pricing structure does not operate for the "mutual benefit" of the cooperative's members; (3) stating that the discrimination against B Pool members in favor of A pool members embodied in Ocean Spray's pricing structure violates the anti-discrimination provision of the Final Judgment; (4) enforcing the Final Judgment, ordering Ocean Spray to cease bifurcating the cooperative into two pools and cease paying its grower-members different prices for a barrel of cranberries, and awarding damages to the B Pool as the Court deems appropriate; and (5) granting summary judgment as to liability on Counts II and III.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiffs respectfully request that the Court schedule oral argument on this motion at a date and time of the Court's convenience.

Respectfully Submitted,

| | |
|---|---|
| /s/ Arthur R. Miller | /s/ Norman Jackman |
| Arthur R. Miller, Esq. | Norman Jackman, Esq. |
| University Professor, NYU School of Law | JACKMAN & ROTH LLP |
| 40 Washington Square South, Room 430F | 1600 Massachusetts Avenue, Suite 502 |
| New York, NY 10012 | Cambridge, Massachusetts 02138 |
| 212-992-8147 | 617-682-8049 |
| | |
| /s/Manuel C. Hernandez, | /s/Frederick J. Carleton |
| Manuel C. Hernandez, Esq., *Pro Hac Vice* | Frederick J. Carleton, Esq., *Pro Hac Vice* |
| Hernandez and Associates, LLC | Carleton Law Offices |
| P.O. Box 979 | P.O. Box 38 |
| Bandon, Oregon 97411 | Bandon, Oregon 97411 |
| (541) 347-2911 | (541) 347-2468 |

<u>/s/ Shala McKenzie Kudlac</u>
Shala McKenzie Kudlac, Esq., *Pro Hac Vice*
Carleton Law Offices
P.O. Box 38
Bandon, Oregon 97411
(541) 347-2468


Dated: May 8, 2013.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of May 8, 2013.

/s/ Norman Jackman
Norman Jackman

21,148,176.1\151442-00001