UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12016-RWZ

BARRY K. WINTERS, *et al.*

v.

OCEAN SPRAY CRANBERRIES, INC.

ORDER

October 22, 2019

ZOBEL, S. D.J.

Since its beginning, this case has been mired in motion practice, four dispositive motions by defendant and three by several groups of plaintiffs, and now that a trial date has been set, a plethora of discovery disputes submitted in the form of counsels' letters and by motions. The court anticipates that the parties will hereafter cooperate in all aspects of discovery, that motions pertaining thereto be a last resort, and that correspondence to the court cease.

**I. Discovery Issues**

The parties' latest correspondence and discovery motions are contained in Docket ## 345, 346, 347, 348, 349, 350. As a general matter, each party is limited to 12 depositions during this pre-trial fact discovery phase. See Local Rule 26.1(c); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996) (trial court has broad discretion in managing conduct of discovery). If counsel restrain themselves to simple,

direct questions and refrain from unnecessary objections, no deposition should last more than a half day.

### A. Plaintiffs' Motion for Discovery (Docket # 347)

First, plaintiffs ask the court to grant leave to re-depose Michael Stamatakos or order Ocean Spray to make him available for trial.[1]  See Fed. R. Civ. P. 30(a)(2)(A)(ii). Because Ocean Spray's numerous and unnecessary objections muddled the first deposition transcript and rendered it virtually unusable at trial, plaintiffs' request is allowed.  See Exhibit N to Docket # 347-2.

Second, plaintiffs seek to depose Bobby Chacko, CEO of Ocean Spray, regarding the discontinuation of Ocean Spray's B Pool and online concentrate auction. Although Ocean Spray has identified an alternative witness to testify on this topic, I am not persuaded by Ocean Spray's invocation of the "apex doctrine" and, therefore, decline to issue the requested protective order.

Third, plaintiffs move to compel the deposition of Dr. Bradley Miller as a fact witness.  Although Dr. Miller is Ocean Spray's designated expert, he is the so-called "architect" of the challenged auction and thus may possess relevant information concerning those facts.  Docket # 349 at 11.  Accordingly, plaintiffs may depose him as a fact witness.

### B. Ocean Spray's Motion for a Protective Order and to Quash Subpoenas (Docket # 348)

Ocean Spray seeks a protective order under Fed. R. Civ. P. 26(c) to prevent the

---

[1]  The parties refer to second depositions of Randy Papadellis and Francis Podvin in their letters and motions.  But plaintiffs have not noticed those depositions or subpoenaed those witnesses; Ocean Spray has not sought a protective order, and the issue is therefore not before this court.  Docket # 349 at 2, f.1.

depositions of Paul Stajduhar, Richard Poznysz, William Frantz, Dr. Richard Sexton, Kelly Rudd, Andrea Weiland, John Decas, and John Pierson, in addition to those of Bobby Chacko and Dr. Miller discussed above.[2]

Ocean Spray argues that plaintiffs should have deposed these witnesses earlier in the case. But any delay resulted, at least in part, from the class certification briefing, the several rounds of summary judgment motions, and the stay of discovery during Ocean Spray's interlocutory appeal. The parties anticipated additional discovery prior to the May 2020 trial, see Proposed Pre-Trial Schedule at Docket # 332-1, and given the deposition limits now imposed, the court expects that such discovery will remain reasonable in scope and execution.

### C. Plaintiffs' Motion to Compel Compliance with the Protective Order (Docket # 347)

Finally, plaintiffs assert that Ocean Spray has frustrated their ability to litigate by labeling over 99% of its discovery "highly confidential." Material marked as such cannot be shared or used in depositions of third parties without the producing party's permission. See Stipulated Protective Order, Docket # 166.

While cognizant of the reason for initially applying confidentiality designations on a "family-by-family" basis, Ocean Spray's serious over-designation of documents as "highly confidential" is troubling. See Exhibits A-I to Docket # 347-1, 347-2. However, Ocean Spray's recent acknowledgment of the issue and willingness to re-designate

---

[2] Ocean Spray additionally argues on behalf of Paul Stajduhar, Richard Poznysz, William Frantz, Kelly Rudd, Dr. Bradley Miller, and Dr. Richard Sexton that, pursuant Fed. R. Civ. P. 45(d), this court should quash the subpoenas as unduly burdensome. Even assuming the motion is properly before this court, see Fed. R. Civ. P. 45(d)(3)(A), I am not persuaded that the deponents face an "undue burden."

3

certain categories of documents, see Exhibit M to Docket # 347-2, should resolve this issue absent court intervention and further suggestions of professional courtesy.

## II. Conclusion

Plaintiffs' Motion for Discovery and to Compel Compliance with the Protective Order (Docket # 347) is ALLOWED in part and DENIED in part. Ocean Spray's Motion for a Protective Order and to Quash Subpoenas (Docket # 348) is DENIED.

|  |  |
|---|---|
| 10/22/2019 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |